IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AIJOMA-PYNA: CONOCO** (f/k/a Antonya-Darrell:Lindsey), | * | |
| Plaintiff, | * | |
| | * | Civ. No. DLB-26-599 |
| v. | * | |
| **FRAN JOHNSON, DIRECTOR, PRINCE GEORGE'S COUNTY CHILD SUPPORT ADMINISTRATION**, *et al.*, | * | |
| | * | |
| Defendants. | | |

**MEMORANDUM OPINION**

On February 13, 2026, Aijoma-Pyna: Conoco filed a complaint against Fran Johnson, in her official capacity as the Director of the Prince George's County Child Support Administration; Judge Darren Johnson, in his official capacity as an administrative judge; Stenise Rolle, in his official capacity as an administrative judge; Maxwell Cohen of Robert A. Ades & Associates, P.C.; and Kimberly Vanessa Handon-Lindsey. He alleges that the defendants violated his constitutional rights to due process and equal protection under the Fourteenth Amendment by suspending his driver's license and passport "for alleged child support arrears without constitutionally adequate notice, a meaningful opportunity to be heard, or required findings regarding Plaintiff's present ability to pay." ECF 1, at 2. He also filed a motion to proceed in forma pauperis, ECF 2, which is granted, and motions for a preliminary injunction and temporary restraining order, ECF 3 & 4. Because the Court lacks jurisdiction to hear the complaint, the case is closed. *See* Fed. R. Civ. P. 12(h)(3).

A federal district court does not hear all matters. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*

*Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject-matter jurisdiction, "the court must dismiss the action"). The party filing suit in this Court bears the burden of establishing the Court's subject-matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs such as Conoco. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Conoco alleges his driver's license and passport were suspended on the basis he had not paid child support when, in fact, there was a record of the regular payments he had made. ECF 1, at 5, 9–10. He also asserts that the administrative judges did not consider his ability to pay or his status as an Indigenous American Indian. *Id.* at 9–10. He claims the defendants violated his Fourteenth Amendment rights by not affording him notice and the opportunity to be heard. *Id.* at 5, 9.

Conoco filed this suit as a civil rights complaint raising federal questions over which federal courts generally have jurisdiction under 28 U.S.C. § 1331, but the claims do not end the Court's jurisdictional inquiry. Conoco challenges a state court order regarding child support payments. Under the *Rooker-Feldman*[1] doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T.M. v. Univ. of Maryland Med. Sys. Corp.*, 139 F.4th 344, 349 (4th Cir. 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see Adkins v. Rumsfeld*, 464 F.3d 456, 463–64 (4th Cir. 2006). The doctrine applies if the plaintiff asks the federal court to assume the state appellate court's role. *See T.M.*, 139 F.4th at 348, 354; *Exxon*

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

*Mobil Corp.*, 544 U.S. at 284. The issues raised in the complaint—whether Conoco must pay child support as ordered and whether his driver's license and passport can be suspended for failure to pay—have been fully adjudicated against Conoco by the state court. Because Conoco asks this Court to undo the state court's judgments, the *Rooker-Feldman* doctrine applies, and this Court does not have jurisdiction. Conoco may seek appellate review of state court decisions in the state appellate courts.

Accordingly, it is, this 18th day of February, 2026, hereby ORDERED:

1. Conoco's motion to proceed in forma pauperis, ECF 2, IS GRANTED;

2. Conoco's complaint IS DISMISSED without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3); and

3. The Clerk SHALL MAIL a copy of this Order to Conoco and CLOSE this case.

This dismissal does not prejudice Conoco's right to seek relief in state court.[2]

Deborah L. Boardman
United States District Judge

---

[2] Because the Court lacks jurisdiction over this action, the Court does not reach Conoco's motions for a temporary restraining order or preliminary relief.